

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARK LAFFEY, PHILIP LAFFEY, U.S. 1 LAFFEY REAL ESTATE CORP. d/b/a LAFFEY FINE HOMES, LAFFEY ASSOCIATES, LLC., eREALTY TITLE AGENCY CORP., TCG GROUP, INC., 55 NORTHERN BLVD., LLC, US 1 LAFFEY REAL ESTATE OF BROOKVILLE, INC., US 1 LAFFEY REAL ESTATE OF NEW HYDE PARK, INC., and GREENVALE COLONIAL HOUSE, LLC,

Plaintiffs,

-against-

EMMETT LAFFEY, GREGORY BERKOWITZ, JOHN SCHOONMAKER, SCOTT CONLON,

the "Ringleader Defendants",

and

LAFFEY FINE HOMES INTERNATIONAL LLC, US 1 LAFFEY OF WILLISTON PARK, INC.

the "Enterprise Defendants",

and

KAREN BERKOWITZ LAFFEY, DEE DEE BRIX, MARIA BABAEV, NATALIE McCray, REGINA ROGERS, JOE PIMENTA, JIMMY TUBBS, SONNY DeCLARA, LISA CERRETA, CARA BUSTO, IRINA PASHINSKY DORA ZELYAKOVSKY, PETER MORRIS, CHRISTOPHER HEIN, ELAINE LUPO, JOHN DOE No. 1, JOHN DOE No. 2, and JOHN DOE No. 3,

the "Conspiring Individual Defendants"

and

QUONTIC BANK, THE ROSLYN SAVINGS BANK, A DIVISION OF NEW YORK COMMUNITY BANK, GREATER JERICHO CORP., MULTIPLE LISTING SERVICE OF LONG ISLAND, INC., WHERETOLIVE.COM INC., LINCOLN LAND SERVICES, LLC, and SIGNATURE PROPERTIES OF HUNTINGTON, LLC a/k/a SIGNATURE PREMIER PROPERTIES,

the "Conspiring Corporate Defendants".

---

Index No.

FILED
CLERK

2013 JAN 29 PM 3:43

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

BIANCO, J.

LINDSAY, M.J.

# MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

BLODNICK, FAZIO & ASSOCIATES, P.C.
Attorneys for Petitioner
1325 Franklin Avenue, Suite 555
Garden City, New York 11530
(516) 280-7105

On the Brief:
EDWARD K. BLODNICK, ESQ.
THOMAS R. FAZIO, ESQ.
STEVEN R. TALAN, ESQ.

# TABLE OF CONTENTS

## Contents

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF THE CASE .......... 2

ARGUMENT .......... 4

POINT I .......... 4
THE COURT HAS THE ABSOLUTE DISCRETION TO ENJOIN THE DEFENDANTS FROM UTILIZING THE FUNDS OR PROPERTY OF GREENVALE COLONIAL HOUSE, LLC PENDING THE DETERMINATION OF THE ISSUES OF THIS ACTION

POINT II .......... 9
PLAINTIFFS HAVE DEMONSTRATED THEIR ENTITLEMENT TO INJUNCTIVE RELIEF IN THIS MATTER

POINT III .......... 11
PETITIONERS ARE ENTITLED TO A TEMPORARY RESTRAINING ORDER

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## Cases

AFA Dispensing Group B.V. v. Anheuser–Busch, Inc., 740 F.Supp.2d 465, 471 (S.D.N.Y.2010) ............ 11

Amity Loans, Inc. v. Sterling Nat. Bank & Trust Co. of New York, 177 A.D.2d 277, 575 N.Y.S.2d 854 (1st Dept. 1991) ............ 8

Balenciaga America, Inc. v. Dollinger, Not Reported in F.Supp.2d, 2010 WL 3952850 (S.D.N.Y. 2010) ............ 8

Banana Kelly Community Imp. Ass'n v. Schur Management Co., Ltd., 34 Misc.3d 1207(A), 943 N.Y.S.2d 790 (Table) (N.Y.Sup. Bronx Co., 2012) ............ 8

Belleza Fruit, Inc. v. Suffolk Banana Co., Inc., (No. CV–12–3033 (SJF)(WDW)) Slip Copy, 2012 WL 2675066 (E.D.N.Y.,2012) ............ 7

Bery v. City of New York, 97 F.3d 689, 694 (2d Cir.1996). ............ 10

Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir.1999) ............ 5, 8

Cacchillo v. Insmed, Inc., 638 F.3d 401, 40506 (2d Cir.2011) ............ 12

Citicorp Leasing, Inc. v. Auto Leasing, Inc., 2005 WL 6404266 (Trial Order) (Sup. Ct. New York Co., 2005) ............ 9

Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir.2010) ............ 6

Crocker Commercial Servs. Inc. v. Davan Enterprises, Inc., 88 A.D.2d 877, 451 N.Y.S.2d 781(1st Dept. 1982) ............ 8

Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir.2005) ............ 10

Global Switching, Inc. v. Kasper, Not Reported in F.Supp.2d, 2006 WL 385315 (E.D.N.Y. 2006) ............ 10, 11

Grupo Mexicano de Desarollo S.A. v. Allliance Bond Fund, Inc., 527 U.S. 308, 333, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999); ............ 7

Gucci America, Inc. v. Weixing Li, Slip Copy, 2011 WL 6156936 (S.D.N.Y., 2011) ............ 7

International Equity Investments, Inc. v. Opportunity Equity Partners, Ltd., 2005 WL 1307145, *23 (S.D.N.Y.2005) .......... 10

Kearney v. N.Y.S.D.O.C.S., Slip Copy, 2012 WL 5931399 .......... 11

Landers v. Samuelson, Slip Copy, 2012 WL 825117, (E.D.N.Y., 2012) .......... 11

Local 1814, Int'l Longshoremen's Ass'n, AFL–CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2nd Cir. 1992) .......... 11

Manufacturers Hanover Trust Co. v. Chemical Bank, 160 A.D.2d 113, 124, 559 N.Y.S.2d 704 (1st Dept. 1990) .......... 8

Mullins v. City of New York, 626 F.3d 47, 52 (2d Cir. 2010) .......... 6

Oneida Nation of New York v. Cuomo, 645 F.3d 154, 164 (2d Cir.2011) .......... 6

Perri v. Bloomberg, No. 06–CV–403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) .......... 11

Polymer Tech Corp. v. Mimram, 37 F.3d 74, 82 (2d Cir.1994) .......... 10

Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs. of VA., 144 F.Supp.2d 241, 249 (S.D.N.Y.2001) .......... 7

R.B. Development, Co., Ltd. v. Tutis Capital LLC, 12–CV–1460 (CBA)(SMG)), Slip Copy, 2012 WL 2357318 (E.D.N.Y., 2012) .......... 7

Red Earth LLC v. U.S., 657 F.3d 138, 143 (2d Cir.2011) .......... 6

Republic of Phillipines v. Marcos, 806 F.2d 344, 356 (2d Cir.1986) .......... 7

Rodriguez by Rodriguez v. DeBuono,, 175 F.3d 227, 234-35 (2d Cir.1998). .......... 10

S.E.C. v. Princeton Econ. Int'l, Ltd., 73 F.Supp.2d 420, 425 (S.D.N.Y.1999) .......... 8

Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1205 (2d Cir.1970) .......... 10

Sequa Corp. v. Gelmin, 1995 WL 404726, at *6 (S.D.N.Y.1995) .......... 7

Spiteri v. Russo, Slip Copy, 2012 WL 5289586 (E.D.N.Y., 2012) .......... 12

Street v. Vitti, 685 F.Supp. 379, 384 (S.D.N.Y.1988) .......... 10

Suchodolski Associates, Inc. v. Cardell Financial Corp., 2003 WL 22909149, *4 (S.D.N.Y.2003) .......... 10

UBS Financial Services, Inc. v. West Virginia University Hospitals, Inc., 660 F.3d 643, 648 (2d Cir.2011) .......... 6

University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) .. 6

Winter v. Natural Resources Defense Council, 555 U.S. 7, 22, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) .......... 6

Wisdom Import Sales Co. v. Labatt Brewing Co., 339 F.3d 101, 114-15 (2d Cir.2003) ............ 10

**Statutes**

CPLR §6301 ........................................................................................................ 5

**Rules**

Fed.R.Civ.P. 65 ........................................................................................... *passim*

## PRELIMINARY STATEMENT

Plaintiffs submit the instant Memorandum of Law Plaintiffs in support of an application for a Preliminary Injunction and Temporary Restraining Order as a result of the January 23, 2013 theft by Defendants EMMETT LAFFEY ("Emmett") and IRINA PASHINSKY ("Pashinsky") of SIX HUNDRED FIFTY THOUSAND DOLLARS of identifiable funds from the accounts of Plaintiff GREENVALE COLONIAL HOUSE, LLC ("Colonial"). While simply the most recent taking by Defendants, these discrete funds were taken from Colonial without authority or justification as part of an ongoing Racketeering Influenced and Corrupt Organization ("RICO") conspiracy and enterprise through which Defendants seek either to obtain complete control of the Plaintiff businesses and their revenues, or, in the alternative, to sufficiently devalue such companies through the unlawful disruption and usurpation of their business so that Defendants could purchase their shares and/or assets at an artificially low price, as well as to obtain money and other assets from the Plaintiffs without their knowledge or consent.

Brought by Order to Show Cause submitted herewith, Plaintiffs' respectfully request that this Honorable Court grant their application for a Preliminary Injunction and Temporary Restraining Order ("TRO"): (a) directing Defendants not to sequester, take, spend, distribute and/or otherwise utilize the funds and/or property of Plaintiff GREENVALE COLONIAL HOUSE, LLC except as provided herein and by further Order of this Court pending the resolution of the RICO action commenced simultaneously herewith; and (b) directing Defendants EMMETT LAFFEY and IRINA PASHINSKY not to spend, distribute, or otherwise part with funds in the amount of SIX HUNDRED FIFTY THOUSAND DOLLARS ($650,000.00) obtained from GREENVALE COLONIAL HOUSE, LLC except as provided herein and by further Order of this Court; (c) to return all property otherwise in their possession

belonging to GREENVALE COLONIAL HOUSE, LLC; (d) directing Defendant EMMETT LAFFEY to pay unto the Clerk of the Court of the United States District Court for the Eastern District of New York the sum of FOUR HUNDRED TWENTY- FIVE THOUSAND DOLLARS ($425,000.00) within THREE (3) DAYS of the date of receipt of this order pending determination on the instant Order to Show Cause for a Preliminary Injunction; (e) directing Defendant IRINA PASHINSKY to pay unto the Clerk of the Court of the United States District Court for the Eastern District of New York the sum of TWO HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($225,000.00) within THREE (3) DAYS of the date of receipt of this order pending determination on the instant Order to Show Cause for a Preliminary Injunction; and (f) for such other and further relief as is just and proper in the premises.

## STATEMENT OF THE CASE

The facts and circumstances underlying this action and the instant application are more fully set forth in the: (a) Affidavit of Plaintiff Mark Laffey (hereinafter "Mark Affidavit"), dated January 28, 2013; (b) Affidavit of Plaintiff Philip Laffey (hereinafter "Philip Affidavit"), dated January 28, 2013; (c) Affidavit of Thomas R. Fazio, Esq., dated January 28, 2013 ("Fazio Affidavit"); and (d) the Verified Complaint ("the Complaint") which is annexed to the Fazio Affidavit as Exhibit 1 thereto together with their respective exhibits.

Briefly, filed simultaneously with the Complaint initiating an action under the Racketeering Influenced and Corrupt Organization ("RICO") action and various state law causes of action arising out of the same facts and transactions, this is an application for a Temporary Restraining Order, requested without notice[1], and for a Preliminary Injunction regarding the wrongful distribution and conversion of SIX HUNDRED AND FIFTY THOUSAND DOLLARS

---

[1] As set forth in the Mark Affidavit and Fazio Affidavit, if provided notice of this application, Defendants will further secrete or spend these funds and render them unreachable.

($650,000.00) of the funds of Plaintiff GREENVALE COLONIAL HOUSE, LLC ("Colonial") and improper seizure of Colonial's business and property by the RICO Defendants.

As set forth in the Mark Affidavit, Defendant Emmett removed a total of One Million Five Hundred Thousand Dollars from Colonial's accounts at the JP Morgan Chase Bank on January 23, 2013 through four checks: (a) a check payable to Emmett in the sum of Four Hundred Twenty-Five Thousand Dollars ($425,000.00); (b) a check payable to Defendant Pashinsky for the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00); (c) a check payable to Plaintiff Mark Laffey in the sum of Four Hundred Twenty-Five Thousand Dollars ($425,000.00); and (d) a check payable to Plaintiff Philip Laffey in the sum of Four Hundred Twenty-Five Thousand Dollars ($425,000.00). Beyond the fact that this removal of funds was illegal and improper under the governing agreements of Colonial, the removal of these funds leaves Colonial virtually insolvent and potentially unable to meet its forthcoming obligations. The fact that Defendants kept this "transaction" secret from Plaintiffs for two days in order to have time to secrete the funds is worthy of more than casual notice.

As set forth in the Mark Affidavit, the Fazio Affidavit and the Complaint, the underlying RICO conspiracy seeks to illegally seize control of Colonial's lawful mortgage business as well as the other Plaintiff businesses. Emmett and Pashinsky, acting in concert with their other conspirator defendants, have already seized control of the office space occupied by Colonial's First Allied Home Mortgage business as well its furnishings, files, equipment, phones, copiers and all of its other business equipment as part of a new unlawful competing venture they have entered into with Defendant Quontic Bank. Defendants have further intervened to prevent Colonial from finding a new joint venture partner.

Plaintiffs have demonstrated an imminent irreparable injury that is beyond mere money damages by the facts that their control of Colonial's business has been unlawfully usurped and that Colonial has been left on the brink of insolvency. In the absence of preliminary relief, Colonial is unlikely to be able to survive until this matter can be heard. Without relief, Defendants will have accomplished their racketeering aim of destroying the Company's value through the usurpation of its assets.

## ARGUMENT

## POINT I

### THE COURT HAS THE ABSOLUTE DISCRETION TO ENJOIN THE DEFENDANTS FROM UTILIZING THE FUNDS OR PROPERTY OF GREENVALE COLONIAL HOUSE, LLC PENDING THE DETERMINATION OF THE ISSUES OF THIS ACTION

Ordinarily, it should seem axiomatic that a party has no right to make use of funds and property that belong to another. However, here, where such property and funds of the Plaintiffs has illegally come under the possession and control of RICO Defendants, it becomes necessary to seek preliminary relief in order to secure their presence at such time as the underlying case may be heard and ruled upon by the Court.

Pursuant to FRCP 65[2], the Court has the powers to issue Preliminary Injunctions and Temporary Restraining Orders to ensure that upon final resolution of the action the parties can

---

[2] FRCP 65 provides in pertinent parts:
(a) Preliminary Injunction.

(1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.

(2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

"be returned to the positions they previously occupied." Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir.1999). Rule 65 further enables the Court to provide Plaintiffs with a Temporary Restraining Order without notice to the defendants where, as here, Plaintiffs' counsel has certified that such notice would merely enable Defandants to further secrete and hide the assets wrongfully taken from Plaintiffs. FRCP 65(b). In the same vein, under New York's CPLR §6301, a preliminary injunction may be granted in any action where it appears that the defendant "threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the Petitioner's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the Plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the Plaintiff."

---

heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) Contents. Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

"In order to obtain a preliminary injunction, a plaintiff must demonstrate: (a) that 'irreparable harm is likely in the absence of an injunction,' Winter v. Natural Resources Defense Council, 555 U.S. 7, 22, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); (b) 'either (1) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief', UBS Financial Services, Inc. v. West Virginia University Hospitals, Inc., 660 F.3d 643, 648 (2d Cir.2011) (*quoting* Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir.2010) (quotations and citation omitted)); and (c) 'that the public's interest weighs in favor of granting an injunction,' Red Earth LLC v. U.S., 657 F.3d 138, 143 (2d Cir.2011). *See* Oneida Nation of New York v. Cuomo, 645 F.3d 154, 164 (2d Cir.2011). 'A preliminary injunction is an extraordinary remedy never awarded as of right.' Winter, 555 U.S. at 24, 129 S.Ct. at 376; *see also* UBS Financial. 660 F.3d at 648. 'In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' Winter, 555 U.S. at 24, 129 S.Ct. at 376 (quotations and citation omitted).

Preliminary injunctions are 'customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.' University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Accordingly, 'hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction. The admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage. To hold otherwise would be at odds with the summary nature of the remedy and would undermine the ability of courts to provide timely provisional relief.' Mullins v. City of New York, 626 F.3d 47, 52 (2d Cir. 2010). Moreover, the

party seeking a preliminary injunction 'is not required to prove his case in full' at the preliminary injunction stage. Camenisch, 451 U.S. at 395, 101 S.Ct. 1830, 68 L.Ed.2d 175." Belleza Fruit, Inc. v. Suffolk Banana Co., Inc., (No. CV–12–3033 (SJF)(WDW)) Slip Copy, 2012 WL 2675066 (E.D.N.Y.,2012).

Although the Supreme Court has squarely held that a federal court lacks the power, pursuant to Rule 65 and its general equity jurisdiction, to issue injunctions freezing a defendant's general funds in order to ensure their availability for a future judgment of money damages, Grupo Mexicano de Desarollo S.A. v. Allliance Bond Fund, Inc., 527 U.S. 308, 333, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999); *see also* Republic of Phillipines v. Marcos, 806 F.2d 344, 356 (2d Cir.1986); Sequa Corp. v. Gelmin, 1995 WL 404726, at *6 (S.D.N.Y.1995), it is also well established that, in contrast, 'where the plaintiff can demonstrate an equitable interest in particular property, the court may in certain circumstances enter an injunction freezing those assets for the pendency of the litigation.' *See* Grupo Mexicano, 527 U.S. at 324–26; Marcos, 806 F.2d at 355 (injunction preventing transfer of properties warranted 'based on a claim for imposition of a constructive trust or an equitable lien'); Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs. of VA., 144 F.Supp.2d 241, 249 (S.D.N.Y.2001) ('The issue in Grupo Mexicano, as other courts have recognized, was whether a district court has the power to enjoin assets in which the potential judgment creditor has absolutely no equitable interest.')." R.B. Development, Co., Ltd. v. Tutis Capital LLC, 12–CV–1460 (CBA)(SMG)), Slip Copy, 2012 WL 2357318 (E.D.N.Y., 2012); *accord*, Gucci America, Inc. v. Weixing Li, Slip Copy, 2011 WL 6156936 (S.D.N.Y., 2011) ("Indeed, courts since Grupo Mexicano have found that where plaintiffs seek both equitable and legal relief in relation to specific funds, a court retains its equitable power to freeze assets."); Balenciaga America, Inc. v. Dollinger, Not Reported in

F.Supp.2d, 2010 WL 3952850 (S.D.N.Y. 2010)(internal citation omitted). Irreparable harm may exist where, as here, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied. Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir.1999); S.E.C. v. Princeton Econ. Int'l, Ltd., 73 F.Supp.2d 420, 425 (S.D.N.Y.1999).

Here, there can be no dispute that Plaintiffs have more than a simple equitable interest in the discrete funds that Defendant Emmett Laffey improperly removed from their accounts. *See* Mark Affidavit, *passim.* Under New York Law, "[i]t is well-settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." Manufacturers Hanover Trust Co. v. Chemical Bank, 160 A.D.2d 113, 124, 559 N.Y.S.2d 704 (1st Dept. 1990).

It is further well settled under New York law "that injunctive relief is appropriate to remedy the conversion of identifiable proceeds as sought in the underlying action."[3] Amity Loans, Inc. v. Sterling Nat. Bank & Trust Co. of New York, 177 A.D.2d 277, 575 N.Y.S.2d 854 (1st Dept. 1991); Banana Kelly Community Imp. Ass'n v. Schur Management Co., Ltd., 34 Misc.3d 1207(A), 943 N.Y.S.2d 790 (Table) (N.Y.Sup. Bronx Co., 2012); Crocker Commercial Servs. Inc. v. Davan Enterprises, Inc., 88 A.D.2d 877, 451 N.Y.S.2d 781(1st Dept. 1982); Citicorp Leasing, Inc. v. Auto Leasing, Inc., 2005 WL 6404266 (Trial Order) (Sup. Ct. New

[3] Further, under New York law pursuant to CPLR §6301, the Court may require the disputed funds to be placed into an escrow account until the ultimate disposition of the matter. *See e.g.* Banana Kelly Community Imp. Ass'n v. Schur Management Co., Ltd., 34 Misc.3d 1207(A), 943 N.Y.S.2d 790 (Table) (Sup. Ct. Bronx Co., 2012) ("Any of the rents and other fees collected by Schur management from the date it is alleged to have been terminated as the property manager, November 16, 2011, through and including December 5, 2011, the date Judge Stinson granted the TRO, shall be placed in an interest bearing escrow account. Said sum shall be turned over to the party which the trier of fact ultimately determines is entitled to it. Financial books and records and other documents shall be turned over by the parties upon commencement of discovery in the two (2) actions.")

York Co., 2005) ("injunctive relief is warranted to remedy the conversion of identifiable proceeds.").

As set forth in the accompanying Mark, Philip and Fazio Affidavits, there is no dispute here that defendants are in possession and control of identified funds which belong to the Plaintiffs. By their own admission, they took these funds on January 23, 2013 and disbursed them unto themselves, as well as Mark and Philip. (Mark Affidavit, Exs. 3& 4). There can be no dispute that Defendants are in possession of property, including office equipment, furnishings, files, records, and supplies belonging to Colonial.

There can be no question that Defendants have and are acting in violation of the Plaintiffs' rights and Plaintiffs have demanded, and would be entitled to, a judgment restraining the defendants from the continuance of that act. Accordingly, it is wholly within the Court's power to enjoin the Defendants from continuing to convert the property and assets of the Plaintiffs for their own benefit, and to require Defendants to pay into the Court the discrete funds misappropriated.

## POINT II

## PLAINTIFFS HAVE DEMONSTRATED THEIR ENTITLEMENT TO INJUNCTIVE RELIEF IN THIS MATTER

The Plaintiffs request injunctive relief in their application to this Court seeking to maintain and preserve the identity and *status quo* of the funds and the property of Colonial pending resolution of action. "In order to prevail on a motion for a preliminary injunction, plaintiffs must satisfy two requirements. First, they must show that absent a preliminary injunction they are likely to suffer an irreparable injury. Second they must show that either (a) they are likely to succeed on the merits of their case, or (b) they have raised questions going to

the merits that are sufficiently serious to render them fair grounds for litigation, and that a balancing of the hardships tips decidedly towards the movant. Bery v. City of New York, 97 F.3d 689, 694 (2d Cir.1996). 'Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction ... Accordingly, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.' Id. To satisfy the irreparable injury requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.' Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir.2005) (*citing* Rodriguez by Rodriguez v. DeBuono,, 175 F.3d 227, 234-35 (2d Cir.1998). Furthermore, irreparable harm is injury for which monetary damages cannot be adequate compensation. Polymer Tech Corp. v. Mimram, 37 F.3d 74, 82 (2d Cir.1994)." Global Switching, Inc. v. Kasper, Not Reported in F.Supp.2d, 2006 WL 385315 (E.D.N.Y. 2006).

As set forth in the Mark Affidavit and the Complaint, Plaintiffs have already suffered irreparable harm in the loss of a measure of control over Colonial, as well as it property, assets and funds. "A party's loss of control of a business constitutes irreparable harm. Wisdom Import Sales Co. v. Labatt Brewing Co., 339 F.3d 101, 114-15 (2d Cir.2003); Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1205 (2d Cir.1970) (right to continue a business "is not measurable entirely in monetary terms"). International Equity Investments, Inc. v. Opportunity Equity Partners, Ltd., 2005 WL 1307145, *23 (S.D.N.Y.2005) Suchodolski Associates, Inc. v. Cardell Financial Corp., 2003 WL 22909149, *4 (S.D.N.Y.2003). Street v. Vitti, 685 F.Supp. 379, 384 (S.D.N.Y.1988) (finding irreparable harm where forced sale of plaintiffs' shares would

'destroy their voice in management'). " Global Switching, Inc. v. Kasper, Not Reported in F.Supp.2d, 2006 WL 385315 (E.D.N.Y. 2006).

As Defendants have already transferred the identified funds and property outside the control of Plaintiffs and started a improper competing venture, "the harm to the plaintiffs is imminent... Thus, plaintiffs have already lost a measure of control over their business, and have already suffered irreparable harm." Global Switching, Inc. v. Kasper, Not Reported in F.Supp.2d, 2006 WL 385315 (E.D.N.Y. 2006).

Plaintiffs have further set forth sufficient evidence on this motion demonstrating their ownership interest establishing a likelihood of success in the underlying action. Lastly, the equities are clearly on the side of Plaintiffs. If Plaintiffs' motion is granted, Defendants will not lose anything they had a right to take and the parties will all have their day in court.

## POINT III

## PETITIONERS ARE ENTITLED TO A TEMPORARY RESTRAINING ORDER

A Temporary Restraining Order is a statutory mechanism intended to preserve the *status quo* pending a hearing on the applicant's entitlement to a preliminary injunction, lest that relief become moot by the offending conduct being permitted to continue. "The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order." Kearney v. N.Y.S.D.O.C.S., Slip Copy, 2012 WL 5931399 (N.D.N.Y., 2012) *citing* Local 1814, Int'l Longshoremen's Ass'n, AFL–CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2nd Cir. 1992) and Perri v. Bloomberg, No. 06–CV–403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008); *accord*, AFA Dispensing Group B.V. v. Anheuser–Busch, Inc., 740 F.Supp.2d 465, 471 (S.D.N.Y.2010); Landers v. Samuelson, Slip Copy, 2012 WL 825117, (E.D.N.Y., 2012).

"This Court may issue a temporary restraining order if 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.' Fed.R.Civ.P. 65(b). To obtain a temporary restraining order, Plaintiff 'must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.' Cacchillo v. Insmed, Inc., 638 F.3d 401, 40506 (2d Cir.2011) (internal quotation marks and citations omitted)." Spiteri v. Russo, Slip Copy, 2012 WL 5289586 (E.D.N.Y., 2012).

The same "immediate and irreparable injury" discussed in the context of a preliminary injunction in Point II above applies equally in this context, as does the requisite urgency. If the Defendants are permitted to abscond with Plaintiffs' funds, leaving it virtually insolvent, and remain in possession the Plaintiffs' business and property, Plainitffs' will have no remedy at law for preventing this gross injustice nor could it be made fully whole at the end of the day.

## CONCLUSION

Upon the foregoing, the Plaintiffs respectfully requests that this grant Plaintiffs the relief sought in the Order to Show Cause and such other and further relief as is just in the premises.

Dated: Garden City, New York
January 28, 2013

Respectfully submitted,

**BLODNICK, FAZIO & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*

By: ______________________
Edward K. Blodnick, Esq.(EB1796)
Thomas R. Fazio, Esq. (TF0871)
Steven R. Talan, Esq. (ST 5353)
1325 Franklin Avenue - Suite 555
Garden City, New York 11530
(516) 280-7105
eblodnick@blodnickfaziolaw.com

On the Brief:
EDWARD K. BLODNICK, ESQ.
THOMAS R. FAZIO, ESQ.
STEVEN R. TALAN, ESQ.